UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO: 2:15-cr-99-FtM-38MRM

NESLY LOUTE

_____/

**ORDER**[1]

This matter comes before the Court on Defendant Nesly Loute's Motion in Limine to Dismiss Counts II and III of Indictment as Double Jeopardy (Doc. #161) filed on August 25, 2016. The United States filed a response (Doc. #165) on September 2, 2016. Defendant's motion is thus ripe for review.

**BACKGROUND**

Defendant is charged with three counts of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. (Doc. #133). The alleged conspiracies involve five chiropractic healthcare clinics in Collier County, Florida (collectively, the "Clinics"). The conspiracies unfold in two parts. First, Defendant fraudulently created the Clinics by paying licensed healthcare practitioners to serve as straw owners. This was allegedly done in order to obtain licensing and financing. Second, Defendant paid individuals to be treated at the Clinics and/or to participate in staged car accidents so that the Clinics could bill car insurance companies for medical services purportedly provided.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Procedurally, all three counts charge Defendant under § 1349 with conspiring to commit mail fraud. But each count relates to different Clinics and alleges different dates for the alleged conspiracies:

- Count One: From approximately June 2013 to February 2015, one or more conspirators created and operated Tamiami Pain and Rehab LLC and First Choice Pain Rehab Inc.;

- Count Two: From approximately October 2012 to February 2015, one or more conspirators created and operated Parkway Medical & Rehab LLC and T&C Consultants d/b/a Collier Chiropractic Center; and

- Count Three: From approximately June 2014 to February 2015, one or more conspirators created and operated Immokalee Pain & Rehab LLC.

(Doc. #133).

Defendant now moves to dismiss Counts Two and Three, arguing that they are multiplicitous and thus violate the double jeopardy clause of the Fifth Amendment to the United States Constitution. (Doc. #161); *see also* Fed. R. Crim. P. 12(b)(3)(B)(ii) (requiring a defendant to bring a pretrial motion raising a defect in the indictment for multiplicity).[2]

## DISCUSSION

As stated, Defendant is charged with three conspiracies to commit mail fraud all in violation of 18 U.S.C. § 1349. Under the federal mail fraud statute, 18 U.S.C. § 1341, it is a crime to devise a scheme to defraud another of money when mail communications are used in furtherance of the scheme. Conspiring to commit mail fraud carries the same penalties as the underlying offense. *Id.* § 1349. To prove conspiracy to commit mail

---

[2] Defendant titles the pending motion as "Motion in Liminae [sic] to Dismiss Counts II or III of Indictment as Double Jeopardy." (Doc. #161). The Government comments that a motion *in limine* is an improper vehicle to seek to dismiss a count of an indictment. Although correct, the Court is not bound by the title Defendant names his motion. And the Court reads Defendant's motion to be brought under Federal Rule of Civil Procedure 12(b)(3)(B)(ii).

fraud, the government must establish, beyond a reasonable doubt, that (1) two or more persons, directly or indirectly, reached an agreement to devise and execute a scheme to defraud; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose. The offense is complete upon agreement without the necessity of an overt act committed in its furtherance. See *United States v. Shabani*, 513 U.S. 10, 12 (1994); *United States v. Pistone*, 177 F.3d 957, 959-60 (11th Cir. 1999).

Relying on the multiplicity doctrine, Defendant moves to dismiss two of the three conspiracy counts. He styles the indictment as charging three acts in furtherance of a single conspiracy to commit mail fraud, rather than three separate conspiracy agreements to commit mail fraud. The Government, in turn, argues that Defendant joined and participated in three distinct conspiracies – hence, three separate counts. (Doc. #165 at 7).

"Multiplicity is the charging of a single offense in more than one count" of an indictment. *United States v. Langford*, 946 F.2d 798, 802 (11th Cir. 1991) (citations omitted). One vice of multiplicity is that the defendant may receive multiple sentences for the same offense, an obvious violation of the double jeopardy clause. See *United States v. Gonzalez*, No. 13-15878, -- F.3d--, 2016 WL 4440380, at *8 (11th Cir. Aug. 23, 2016); *United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008) ("A multiplicitous indictment . . . violates the principles of double jeopardy because it gives the jury numerous opportunities to convict the defendant for the same offense."). When a defendant is charged with multiple counts of violating the same statute in one indictment,

as is the case here, the court must determine the "allowable unit of prosecution" in order to decide whether the indictment is multiplicitous.  Langford, 946 F.2d at 802.

The Eleventh Circuit flirted with this issue in Ward v. United States, 694 F.2d 654, 661 (11th Cir. 1983).  In *Ward*, the defendant was charged with two counts of conspiracy to defraud the federal government under 18 U.S.C. § 371.  The defendant challenged the two counts on grounds of multiplicity.  In deciding the defendant's appeal, the Eleventh Circuit stated:

> [t]he Former Fifth Circuit has held that a single conspiracy that violates two specific conspiracy statutes may be treated as two separate conspiracies without violating the double jeopardy clause. . . . When, however, the separate conspiracies are both founded upon a general conspiracy statute, the relevant inquiry is whether there existed more than one *agreement* to perform some illegal act or acts. . . . "The single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statute [§ 371] of the Criminal Code." *. . .* Thus, we must determine in this case whether the indictment demonstrates only one agreement between Ward and his co-conspirators to violate different provisions of the criminal code.

Ward, 694 F.2d at 661-62 (internal citations and footnotes omitted).  Although *Ward* differs from this case because it addressed a general conspiracy statute, 18 U.S.C. § 371, the Court finds the case to be illustrative.  Thus, the issue before this Court is whether each count in the superseding indictment demonstrates a separate agreement.  *See* United States v. Jones, 733 F.3d 574, 580 (5th Cir. 2013) ("In a conspiracy case, the central issue for double jeopardy purposes is whether there was one agreement and one conspiracy or more than one agreement and more than one conspiracy.").

After reviewing the case file and considering the parties' arguments and applicable law, the Court finds that the superseding indictment is predicated on different agreements. The alleged conspiracies started in different years, with the first in October 2012 and the

third in June 2014.  There were also different players in each conspiracy; and, for those overlapping conspirators, they played different roles and shared different responsibilities at each Clinic.  At this pretrial stage, the Court finds that there is alleged more than one agreement and thus more than one conspiracy.  What is more, Defendant points the Court to no authority supporting his multiplicity argument.  Nor does he elaborate on his conclusory allegation of multiplicity, so the Court considers this argument inadequate.  The Court, therefore, denies Defendant's Motion to Dismiss Counts II and III of the Superseding Indictment (Doc. #161).

Accordingly, it is now

**ORDERED:**

Defendant Nelsy Loute's Motion in Limine to Dismiss Counts II and III of Indictment as Double Jeopardy is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 12th day of September 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record