UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                                CASE NO: 2:15-cr-99-FtM-38MRM

NESLY LOUTE

_____/

**ORDER**[1]

This matter comes before the Court on Defendant Nesly Loute's Rule 33 Motion for New Trial and Renewed Rule 29 Motion (Doc. #200) filed on October 10, 2016. The United States of America filed an Opposition to Defendant's Motion (Doc. #207) on October 24, 2016. Thus, Defendant's motion is ripe for review.

Following a six-day jury trial, Defendant was found guilty of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. (Doc. #187). Defendant now renews his motion for judgment of acquittal and, alternatively, moves for a new trial. The Court will address both requests in turn.

To begin, Defendant renews his motion for judgment of acquittal made at the conclusion of the Government's case-in-chief and the close of all evidence. (Doc. #200). "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The court views

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

the evidence presented up to that point in the light most favorable to the government and draws all reasonable inferences and credibility choices in the government's favor. *See* United States v. Capers, 708 F.3d 1286, 1296 (11th Cir. 2013). Under this standard, the Court is satisfied that it properly denied Defendant's motion.

In addition, Federal Rule of Criminal Procedure 29 provides that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c). The legal principles that apply in deciding such a motion are well established:

> In considering a motion for the entry of a judgment of acquittal, a district court must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the conclusions to be drawn from the evidence presented at trial, and the district court must accept all reasonable inferences and credibility determinations made by the jury. The District Court's determination that the evidence introduced at trial was insufficient to support the jury's verdict of guilt is [an] issue of law entitled to no deference on appeal.

United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005) (internal citations omitted). "A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." United States v. Friske, 640 F.3d 1288, 1291 (11th Cir. 2011); *see also* United States v. Hough, 803 F.3d 1181, 1187 (11th Cir. 2015).

Here, Defendant argues that the evidence presented at trial, even when viewed in the light most favorable to the Government, was insufficient to allow a reasonable jury to find him guilty beyond a reasonable doubt. (Doc. #200). Applying the legal principles to the evidence presented in this case, the Court finds that the Government met its burden as to all of the elements of conspiracy to commit mail fraud, and that a reasonable jury

could have found Defendant guilty beyond a reasonable doubt as to Count One of the Superseding Indictment.

Next, Defendant maintains that a new trial should be granted under Federal Rule of Criminal Procedure 33 because "(1) the weight of the evidence in this case is against the verdict as the Government failed to prove each element of every count beyond a reasonable doubt; (2) the interests of justice require the granting of a new trial based on the nonviolent and globally important nature of Defendant's action; and (3) the evidence of guilt was strictly and purely circumstantial." (Doc. #200 at 1). Rule 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Unlike Rule 29, Rule 33 allows the district court to weigh the evidence and consider the credibility of the witnesses; however, to grant such a motion "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004). Contrary to Defendant's conclusory arguments, the Court finds ample credible evidence to support his conviction for conspiracy to commit mail fraud, and it does not find legal errors or prejudice that would justify a new trial.

Accordingly, it is now **ORDERED:**

Defendant Nesly Loute's Rule 33 Motion for New Trial and Renewed Rule 29 Motion (Doc. #200) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this October 26, 2016.

*[Signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record