UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.: 2:15-cr-99-FtM-38MRM

NELSY LOUTE
_____/

# OPINION AND ORDER[1]

Before the Court are pro se Defendant Nelsy Loute's Emergency Motion for Sentence Reduction (Doc. 298; Doc. 299; Doc. 302) and the Government's response in opposition (Doc. 305). For the below reasons, the Court denies the motion.

Three years ago, the Court sentenced Defendant to 168 months' imprisonment for conspiracy to commit mail fraud. (Doc. 244; Doc. 285). Defendant is fifty-six years old with an August 29, 2028 projected release date. (Doc. 305 at 2). But he wants out early. To do so, he moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic and the Bureau of Prison's "inadequate response" to it. (Doc. 298 at 3). He says the virus has been and continues to infect individuals at his prison, and he "is unable to follow social distancing and sanitation guidelines recommended by the CDC." (Doc. 298 at 4). Defendant also claims he has hypertension and sleep apnea and

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

thus is "particularly vulnerable to COVID-19." (Doc. 298 at 8-9). Defendant also argues he is not a danger to the community, as he has the lowest BOP security clearance, completed recidivism reduction programs, and "taken critical steps to ensure the he never comes entangled with the wrong people ever again." (Doc. 298 at 10).

A district court has "no inherent authority" to modify an already imposed imprisonment sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002). "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). One such statute is 18 U.S.C. § 3582(c), which says a term of imprisonment may be modified in a limited circumstance:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction...and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the parties' briefs, the record, and the applicable case law, the Court denies Defendant's motion for three reasons. First, Defendant has not exhausted his administrative remedies. Although his prison's Warden denied his

request for home confinement a few months ago, there is no allegation or showing he appealed the Warden's decision. (Doc. 299-2; Doc. 305-1 at 2). This means that no final administrative decision has been rendered. 28 C.F.R. § 571.63(b), (d).

Second, even had Defendant exhausted his administrative remedies, he has shown no "extraordinary and compelling" reasons to warrant compassionate release. A reduction for such circumstances must track the Sentencing Commission's applicable policy statements. 18 U.S.C. § 3582(c)(1)(A). From there, courts rely on U.S.S.G. § 1B1.13, which identifies a defendant's medical condition, age, family circumstances, and other reasons as extraordinary and compelling circumstances. Pertinent here, to state a cognizable basis for a sentence reduction based on a medical condition, a defendant must establish that he has either "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13, cmt. n.1(A).

As stated, Defendant relies on his hypertension and sleep apnea as serious medical conditions exacerbated by COVID-19. (Doc. 299-1 at 2). But neither Defendant nor his medical records suggest that either condition diminishes his ability to provide self-care while incarcerated. Defendant takes medicine for hypertension and uses a CPAP machine for his sleep apnea. (Doc. 299-1). So the medical records show Defendant can recognize his own health concerns and

3

addresses them with BOP medical staff. Defendant simply has not met his burden to prove an extraordinary and compelling reason for compassionate release.

Third, even if Defendant could show such a reason, the 18 U.S.C. § 3553(a) factors weigh against compassionate release. Defendant organized and led a serious crime that caused more than a $3 million loss. (Doc. 281 at 10, 31). The Court also found he obstructed justice based on his incredible testimony during his trial. (Doc. 281 at 37-38). These facts drove the Court to fashion a just sentence of 168 months. So, reducing Defendant's sentence now would only diminish the impact on him. And although Defendant claims to have taken positive steps while imprisoned (*see* Doc. 299-6), those steps are not enough considering the totality of his criminal conduct.

Accordingly, it is now

**ORDERED:**

Defendant Nelsy Loute's Emergency Motion for Sentence Reduction (Doc. 298) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on October 22, 2020.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record