UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                        CASE NO.: 2:15-cr-99-FtM-38MRM

NELSY LOUTE
                                                    /

### **OPINION AND ORDER**[1]

Before the Court is pro se Defendant Nelsy Loute's Motion to Reconsider Order Denying Motion for Compassionate Release (Doc. 307), along with the Government's opposition (Doc. 309). For the below reasons, the Court denies the motion.

Three years ago, the Court sentenced Defendant to 168 months' imprisonment for conspiracy to commit mail fraud. (Doc. 285). Defendant's projected release date is August 29, 2028. (Doc. 309 at 2). He moved, however, for compassionate release under 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic and the Bureau of Prison's inadequate response to it. He also claimed his hypertension and sleep apnea made him vulnerable to COVID-19. And Defendant maintained that he is no danger to the community, has the lowest security clearance, completed recidivism reduction programs, and has

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

"taken critical steps to ensure he never comes entangled with the wrong people ever again." (Doc. 298 at 10). The Court denied Defendant's motion for three reasons: (1) he did not exhaust his administrative remedies; (2) he showed no "extraordinary and compelling" reasons to warrant compassionate release; and (3) the 18 U.S.C. § 3553(a) factors weighed against compassionate release. (Doc. 306). Defendant now—five months later—moves the Court to reconsider its decision. (Doc. 307).

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 254-55 (11th Cir. 2011) (citation omitted). In deciding such motions, courts use the standards applicable in civil cases. *See, e.g.*, *United States v. Brown*, No. 3:18-CR-89-J-34JRK, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (citations omitted).

Federal Rules of Civil Procedure 59 and 60 govern motions for reconsideration. Rule 59(e) allows a court to amend or alter its judgment for 28 days. Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Likewise, Rule 60 allows a court to relieve a party from an order for select reasons like "mistake, inadvertence, surprise, or excusable neglect." Fed. R.

2

Civ. P. 60(b). Under this framework, courts have interpreted three grounds for reconsidering an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). These grounds show that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

Even liberally construing Defendant's motion, he has shown no intervening change in controlling law, new evidence, or need to correct clear error or manifest injustice to warrant reconsideration. Defendant argues that he has cured any exhaustion requirement because more than thirty days have lapsed since he requested compassionate release from the warden. (Doc. 307 at 3). From there, he reargues why his age of fifty-six, hypertension, and sleep apnea constitute extraordinary and compelling reasons for early release. He also adds a new condition, "persistent loss of balance," to the mix. (Doc. 307 at 8-9). Finally, he disagrees with the Court's assessment of the § 3553(a) factors. (Doc. 307 at 10-14). He claims the Court overlooked his low risk of recidivism,

lack of criminal history, and achievements while incarcerated. But these arguments are nonstarters.

Although the Court found Defendant did not exhaust his administrative remedies, its analysis did not stop there. The Court continued to the merits and found other reasons not to grant him compassionate release. The same is true now. Even if Defendant exhausted his administrative remedies, there is no merit to his requests for reconsideration and compassionate release. And here's why.

Defendant still has no extraordinary and compelling reason for compassionate release. Defendant has been vaccinated against COVID-19 since February 2021. (Doc. 312 at 98). Yet Defendant failed to say so when later moving for reconsideration. Being fully vaccinated means Defendant has a very low risk of developing COVID-19 that will result in death or serious illness—even considering his medical history. What is more, his medical records reflect he is receiving sufficient medical care and treatment. He provides no evidence that his current conditions substantially diminish his ability to provide self-care while incarcerated. Nor does he show that is not expected to recover. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)(ii); *see also United States v. Bryant*, No. 19-14267, 2021 WL 1827158, \* (11th Cir. May 7, 2021) (holding that "1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A)" and "district courts may not reduce a

4

sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13").

Finally, even if Defendant had shown an extraordinary and compelling reason, the Court still denies compassionate release because the § 3553(a) factors weigh against such relief. As previously found, Defendant organized and led a serious crime that caused more than a $3 million loss. (Doc. 281 at 10, 31). He lied while testifying at trial, which led to an obstruction of justice enhancement. (Doc. 281 at 37-38). The Court's original sentence reflected these facts and was a just punishment. Granting him release now would diminish the impact on him, not reflect the seriousness of his offense, not promote respect for the law, and not afford adequate deterrence to criminal conduct. Although Defendant has made positive steps while in prison, that is expected and not enough to support early release.

In sum, Defendants presents no extraordinary circumstances for the Court to reconsider its denial of his compassionate release request.

Accordingly, it is now

**ORDERED:**

Defendant Nelsy Loute's Motion to Reconsider Order Denying Motion for Compassionate Release (Doc. 307) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on May 14, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record