UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO: 2:15-cr-99-SPC-NPM

NESLY LOUTE

_____/

## ORDER

Before the Court is Defendant Nesly Loute's pro se letter requesting the Court to "hold on the restitution" payments until the Social Security Administration determines whether he is eligible for Social Security disability benefits.[1] (Doc. 327). The Government responded in opposition. (Doc. 329). For the following reasons, the Motion is denied.

In 2017, the Court sentenced Defendant to 168 months' imprisonment for conspiracy to commit mail fraud and ordered him to pay restitution. (Doc. 244). An amended judgment was entered, and Defendant was ordered to pay $2,146,147.23 in restitution to several victims. (Doc. 285). He had to begin making monthly payments of 10% of his net income upon his release from custody.

---

[1] Although Local Rule 3.01(k) provides that a party "must not use a letter . . . to request relief," for the sake of judicial efficiency, the Court construes the letter as a Motion to Abate Restitution Payments.

He was released on or about December 20, 2024, but he has not obtained employment since his release. He states that he cannot work because he broke both shoulders due to seizures he had in prison. Given his injuries, Defendant filed for Social Security disability benefits and awaits a final decision. He asks that the Court relieve him from his obligation to pay $50 per month in restitution until the Social Security Administration decides whether to award him benefits. Since his sentencing in 2017, Defendant has paid a total of $650 in restitution and owes over $2 million. (Doc. 329 at 2).

The Attorney General is responsible for collecting restitution under the Mandatory Victims Restitution Act ("MVRA"). 18 U.S.C. § 3612(c). Further, through the Crime Victims' Rights Act ("CVRA"), the Government uses its "best efforts to see that crime victims" are accorded their rights, including their right to "full and timely" restitution. 18 U.S.C. § 3771(a)(6), (c). While collection of restitution benefits victims, it is penal—not just compensatory. *United States v. Johnson*, 983 F.2d 216, 220 (11th Cir. 1993) (quoting *United States v. Robinson*, 479 U.S. 36, 52–53 (1986)).

The Court thoroughly considered Defendant's request, including the 113 pages of exhibits attached to his letter, mostly comprising medical records from the Bureau of Prisons Health Services. (Doc. 327 at 2–114). The Court sees no medical record dated after 2021. Most are from even earlier—2018 to 2020.

As the Government points out, there are no current medical records stating that Defendant cannot work. (Doc. 329 at 4).

Having considered the parties' briefs and the record in this case, the Court finds that releasing Defendant from his obligation to pay restitution—even temporarily pending the determination of entitlement to Social Security benefits—would harm the victims. They suffered extremely high losses at Defendant's hands. He has made minimal repayments to date. Further, as the Government points out, the "schedule of payments is already specifically tailored; it orders Loute to pay a percentage of his income, and thus, the Court's order already takes into account the funds available to him now and at any time in the future." (Doc. 329 at 4). Ultimately, the victims have a right to full and timely restitution. Removing Defendant's obligation to pay anything while awaiting a disability determination impairs the victims' rights under the MVRA and CVRA.

For these and the other reasons identified in the Government's response, the Court finds no need to adjust the restitution schedule of payments or relieve Defendant of his obligation to pay restitution.

Accordingly, it is

**ORDERED**:

Defendant Nesly Loute's construed Motion to Abate Restitution Payments (Doc. 327) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on May 16, 2025.

> SHERI POLSTER CHAPPELL
> UNITED STATES DISTRICT JUDGE

Copies: All parties of record